# CERTIFICATE OF SERVICE
# FOR PRO SE DOCUMENTS

On the __26__ day of __AUGUST__, 20__13__, the undersigned party served the following document or documents

__RULE 60 MOTION TO REOPEN SECTION 2255 MOTION__

on (list names and addresses of parties or attorneys):

__Honorable Charles Butler Jr.__
__113 St. Joseph St.__
__Mobile, AL 36602-3621__

by delivering a copy by United States First Class Mail, postage pre-paid, deposited into the institutional legal mail system.

_Elwyn Chisholm_
(Signature)

__ELWYN JEROME CHISHOLM, pro se__

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Respondent,

v.       Criminal case No. 93-0008
    Case No. _____

ELWYN JEROME CHISHOLM,
    Petitioner.       Honorable Charles Butler

-------------------------------------------------------------

RULE 60 MOTION TO REOPEN SECTION 2255 MOTION

-------------------------------------------------------------

Now comes petitioner, Elwyn Jerome Chisholm, pro se, by and through his own means, and humbly moves this Honorable Court for leave to reopen his Section 2255 Motion to vacate, set aside or correct sentence pursuant to the Federal Rules of Civil Procedure. Petitoner states the following in support thereof:

## JURISDICTION

This Court has jurisdiction to reopen petitioner's §2255 motion pursuant to Rule 60(b) and or 60(d) of the Federal Rules of Civil Procedure. See Ochoa Canales v. Quarterman, 507 F.3d 884, 887 (5th Cir. 2007):

> District Courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion "attacks, not the substance of the federal Court's resolution of a claim on the merits, but some defect in the integrity of federal habeas proceedings." (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

> Rule 60(b) states that: "On motion and just terms, the Court may relieve a party or it's legal representative from a final judgment, order, or proceeding for the following reasons...(6) any other reason that justifies relief.

## RELEVANT FACTS

1.) Petitioner was convicted by a jury of violating 21 U.S.C. §§ 841(a) & 846;

2.) The jury was instructed, by the Court, that:

> The evidence in this case need not establish that the amount or quantity of cocaine or crack cocaine was as alleged in the indictment but only that a measurable amount of cocaine or crack cocaine was in fact the subject of the acts charged in the indictment. See Exhibit A - Judges instructions to the jury, pg. 575.

3.) Petitioner was initially sentenced to a life sentence;

4.) On direct appeal of the life sentence, the Eleventh Circuit held that the district Court erred by enhancing petitioner's sentence and reversed and remanded for re-sentencing;

5.) Petitioner was re-sentenced to 292 months accordingly, without the crack enhancement;

6.) In 2003, the Eleventh Circuit reversed and remanded the district Court's dismissal of petitioner's §2255 motion;

7.) The district Court ultimately denied the §2255 motion and request for a COA was denied by the Eleventh Circuit in 2004;

8.) Petitioner filed a Rule 60(b) motion that was denied on March 24, 2008;

9.) Petitioner filed another Rule 60(b) motion for which a COA was denied by the Eleventh Circuit on May 12, 2008;

10.) At this point, petitioner stands convicted and sentenced to 28 U.S.C. §841(a) based ONLY on a jury finding of a "measurable amount" cocaine;

2.

11.) At this point, petitioner is serving a sentence RANGE under 28 U.S.C. 841(b)(1)(A)(10 - life) or §841(b)(1)(B)(5 - 40);

12.) At this point, petitioner has COMPLETELY served a sentence under the range of 0 - 20 years pursuant to 21 U.S.C. §841 (b)(1)(C);

13.) A 292 month term of imprisonment under §841(b) necessarily includes a mandatory minimum of 5 years or ten years.

## SUMMARY OF ARGUMENT

The United States Supreme Court recently decided Alleyne v. United States, 2013 U.S.LEXIS 4543 (U.S. June 17, 2013) holding that any fact that increases the MANDATORY MINIMUM is an ELEMENT that must be submitted to the jury. The Alleyne Court overruled Harris v. United States, 536 U.S. 545 (2002) which held that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment.

The Alleyne Court also overruled McMillan v. Pennsylvania, 477 U.S. 79, 86 which held that facts found to increase a mandatory minimum sentence are not elements, but sentencing factors, that a judge could find by a preponderance of the evidence.

Petitioner believes that the application of the holdings in the Alleyne decision to his reopened §2255 motion would entitle him to the relief of IMMEDIATE RELEASE.

3.

ARGUMENT

A. THE DISTRICT COURT DID NOT ADDRESS THE MERITS OF GROUND TWO OF PETITIONER'S §2255 MOTION

In Ground Two of his §2255 motion, petitioner essentially contended that his sentence was illegal and unconstitutional because both the drug type and amounts were elements of the offense that had not been submitted to the jury for a determination made beyond a reasonable doubt. As a result, petitioner's statutory RANGE (including but not limited to the statutory maximum) was illegal and unconstitutional because the judge found the facts of drug type and amount by a preponderance of the evidence standard.

The Court did not address the claim on the merits. Instead, the Court applied the non-retroactivity doctrine outlined in Teague v. Lane, 489 U.S. 288 (1989)(a new rule of criminal procedure may not be applied in a fedral habeas proceeding where judgment became final before the rule was announced.). The Court concluded that petitioner's Ground Two argument was an Apprendi claim which was barred from a merits determination according to Teague. See McCoy v. U.S., 266 F.3d 1245, 1256-58 (11th Cir. 2001)(holding that Apprendi is not retroactive to cases on collateral review). Petitioner, here, does not argue whether Apprendi was Teague-barred correctly or not. Petitioner, here, only establishes that his Ground Two §2255 argument was never addressed on the full merits with respect to the totality of the arguments implied by the claim.

Indeed, the Court was procedurally forbidden to conduct a full merits review of the claim. See Caspian v. Bohlen, 510 U.S. 383 (1994) (noting that if the state argues that a habeas petitioner seeks the benefit of a new rule, the habeas Court MUST RESOLVE THE ISSUE OF RETOACTIVITY **BEFORE** CONSIDERING THE MERITS OF THE CLAIM)(emphasis added); see also Lovins v. Parker, 712 F.3d 283, (6th Cir. 2012):

> The Supreme Court [ ] clarified that federal habeas court's should treat the judicially-created Teague bar to retro-activity and the decision of whether a rule was "clearly established" for the purposes of AEDPA review on the merits as "distinct" inquiries .... [N]either abrogates or qualifies the other. (citing Greene v. Fisher, 132 S.Ct. 38, 44 (2011)).

Accordingly, petitioner asserts that there was a fundamental defect in the integrity of the §2255 proceedings in that there was never a full merits determination on his Ground Two argument to the extent that Apprendi was NOT applicable.

B. APPRENDI DID NOT BAR MANDATORY MINIMUM ASPECT
   OF PETITIONER'S §2255 GROUND TWO CLAIM

The gist of petitioner's §2255 Ground Two claim is that the "elements" which determined the statutory and mandatory "range" of his sentence were determined by the judge under a lesser standard than the constitutionally required reasonable doubt standard decided by the jury.

In essence, petitioner's claim was a challenge to the Court's ruling in U.S. v. Perez, 960 F.2d 1569, 1574 (11th Cir. 1992):

> Developments in this Circuit relative to 21 U.S.C. §841(a)(1)(1988) have reflected the McMillan holding ... the weight and quantity of a controlled substance is not an element of the offense....

The foundation of petitioner's §2255 Ground Two claim can be found in the principled framework noted in U.S. v. Alvarez, 735 F.2d 461, 468 (11th Cir. 1984)(establishing that the enhancement-triggering quantity was an element of the offense) which was overruled in Perez based on McMillan.

While U.S. v. Rogers, 228 F.3d 1318, 1326-28 (2000) essentially overruled Perez (by way of U.S. v. Hester, 199 F.3d 1287, 1291 (2000)) which had previously overruled Alvarez, petitioner was Teague-barred from relief on this ruling because Apprendi was the basis of the holding in Rogers. What was the basis for the holding in Alvarez?

A careful reading of these cases reveals that Alvarez was based on long-time sound constitutional principles obviously independent of Apprendi. McMillan was the basis for overruling Alvarez in Perez; independent of Apprendi. However, Alleyne has now effectively overruled McMillan because it was obviously decided wrong. Therefore, the "elements" aspect of petitioner's Ground Two claim was not subject to the Teague-bar by Apprendi. This point is summed up in Alleyne as follows:

> The Sixth Amendment provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. U.S. v. Gaudin, 515 U.S. 506, 510 (1995); In re Winship, 397 U.S. 358, 364 (1970). THE SUBSTANCE AND SCOPE OF THIS RIGHT DEPEND UPON THE **PROPER DESIGNATION OF THE FACTS THAT ARE ELEMENTS OF THE CRIME.** (emphasis added) ...[and] Apprendi only concerned a judicial finding that increased the statutory maximum....

6.

C. ALLEYNE IS RETROACTIVELY APPLICABLE
   TO PETITIONER'S CASE

Because of the hybrid nature of the Alleyne decision, its retroactive application is apparent in a number of ways. The Supreme Court's retroactivity framework outlined in Teague v. Lane generally delineates procedural and substantive rulings. But Alleyne is both. And some.

## ALLEYNE IS A NEW SUBSTANTIVE RULE

The Alleyne Court held that:

> Facts that increase the mandatory minimum sentence are elements and must be submitted to the jury and found beyond a reasonable doubt (Part III-A).... because the legally prescribed range is the penalty affixed to the crime ... a fact that increases either end of the range produces a new penalty and constitutes an ingredient of the offense ... It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime.....**defining facts that increase a mandatory statutory minimum to be part of the substantive offense** ...preserves the historic role of the jury ...... the essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact **necessarily forms a constituent part of a new offense that must be submitted to the jury** ... each crime has different elements and a defendant can be convicted only if the jury has found each element of the crime of conviction. (Part III-B)

By overruling Harris, the Alleyne Court REDEFINED what constitutes an element AND offense with respect to mandatory minimum statutes. Alleyne establishes that the range necessarily includes both the floor and the ceiling. This new rule is retroactively applicable in this case because of the way 21 U.S.C §841 is set up. Petitioner was ONLY convicted by the jury of a "measurable amount" of cocaine. This conviction ONLY exposed him to a statutory range of 0 - 20 years. However, petitioner

7.

was sentenced to 292 months based on judge found facts made by a preponderance of the evidence standard. In order to sentence petitioner to anything over 20 years, in his case, the Court must have sentenced him to a statutory RANGE of either 5 - 40 years or 10 - life. Thus, petitioner was convicted and sentenced illegally and unconstitutionally to a RANGE of imprisonment that he had not been found guilty of. Alleyne makes clear that such a RANGE (with a mandatory minimum & maximum) constitutes a **new offense** with **different elements**. See U.S. v. Powell, 691 F.3d 554, 562 n. 1 (4th Cir. 2012)(Quasi-substantive rule retroactively applicable where §841(b) sentence exceeds un-enhanced statutory maximum)(citing Welch v. U.S., 604 F.3d 408, 415 (7th Cir. 2010) (noting the distinction of a new rule narrowing the elements of a crime prohibting "any punishment for the conduct" from one that "prohibits some of that punishment" as a "distinction ... of degree, not one of kind.)) The Alleyne Court has also established the DEGREE of punishment to necessarily include the mandatory minimum. Therefore, the exposure to a mandatory minimum (5 or 10 years) equates to the conviction of a **new offense** without subjection of the **elements** of the offense to a jury to be found beyond a reasonable doubt which is clearly in direct contradiction of the Unites States Constitution. Accordingly, petitioner is entitled to Alleyne relief because its new rule speaks directly to the Ground Two 'elements' claim made in his §2255 motion. The fact that Alleyne also encompasses a procedural rule does not preclude relief in this case as the rule fits squarely into the second Teague exception.

## THE PROCEDURAL ASPECT OF ALLEYNE DICTATES RETROACTIVITY

Part of the ruling in Alleyne changes our understanding of the bedrock procedural elements essential to fairness and accuracy of the criminal proceedings. Accordingly, Alleyne is on par with In re Winship because Alleyne implicates the right to the reasonable doubt standard that plays a vital role in the American scheme of criminal procedure law.

The reasonable doubt standard is a "bedrock procedural element essential to the fairness of a criminal proceeding." In re Winship makes this perfectly clear. The procedure of finding facts beyond a reasonable doubt by a jury, in petitioner's case, has been RESURRECTED!. What makes it new, here, is that the Court's had previously slaughtered the rule with respect to its application to petitioner's case. Accordingly, the new resurrected rule is a watershed change in constitutional law and applies retroactively in this case.

Additionally, because Alleyne's new rule is foundated on In re Winship, it is not new to that extent. In Ivan v. New York, 407 U.S. 203 (1972) (per curiam) the Court held that the Winship rule, that the Due Process Clause protects the accused against conviction except upon **proof beyond a reasonable doubt of EVERY FACT NECESSARY** to constitute the crime with which he is charged, be given **COMPLETE RETROACTIVE EFFECT.** In Tyler v. Cain, 533 U.S. 566 (2001) the Court held that multiple holdings

9.

of the Court, taken together, Necessarily dictate" retroactivity of the new rule:

> If we hold in case one that a particular type of rule applies retoactively to cases on collateral review and hold in case two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review (at 688) The matter is one one of logic. If case one holds that all men are mortal and case two holds that Socrates is a man, we do not need case three to hold that Socrates is mortal. (at 672-73)

See also In re Holladay, 331 F.3d 1169, 1172 (11th Cir. 2003) (holding new rule was made retoactive under Tyler standard and noting that "a new rule of constitutional law is made retroactive not only through an express pronouncement of retroactivity, but also through multiple holdings that logically dictate the retroactivity of the new rule.")

Moreover, In Fiore v. White, 531 U.S. 225, 228-29 (2001), the Court recognized the "simple inevitable conclusion" that it violates due process to refuse a defendant the benfit of a clarifying interpretation of the law in effect at the time of his conviction, even if the judicial clarification did not occur until well after the defendant's conviction was final. The Fiore Court reconfirmed that, when a later judicial decision interprets a statute's elements (like Alleyne), it does not amount to an outright change in the law, but stands as a correct statement of substantive law as of the time a defendant's conviction became final, and post-conviction relief is required without regard to retroactivity. See also Barkley v. Florida, 123 S.Ct. 2020 (2007)

10.

## CONCLUSION

In Ritter v. Smith, 811 F.2d 1398, 1401 (11th Cir. 1987), the Court held that a change in the law could constitute sufficiently extraordinary circumstances to warrant relief from a judgment under Rule 60(b)(6). Several additional factors convinced the Ritter Court that Rule 60(b)(6) relief was appropriate.

Pettitioner contends that his case involves a change in law and that three of the additional Ritter factors are present here. (1) The §2255 judgment against him has not been subject to execution, so to speak. (i.e. there is no prejudice as no action was taken on the judgment. Petitioner was just denied.) (2) this Rule 60 motion was filed without delay; and (3) the Alleyne case is closely related to this case with respect to the imposition of mandatory minimum sentencing ranges based on the erroneous designation of 'elements' as mere sentencing factors and the overruling of wrongly decided precedent which precluded petitioner from receiving relief.

It would be a grave miscarriage of justice to allow petitioner to languish in prison under an unconstitutional sentence because of a defect in the integrity of his §2255 proceedings. Because petitioner is eligible for immediate release he respectfully requests an order from this Court granting leave to reopen and litigate the Ground Two claim in his §2255 motion.

Respectfully Submitted,

*Elwyn Chisholm*

Elwyn Jerome Chisholm, pro se

EXHIBIT - A


JUDGE'S IN

JUDGE'S INSTRUCTIONS
TO THE JURY, PAGE 575

575

1   crime.   The defendant may not be found guilty, however,
2   of attempting to commit any crime merely by thinking
3   about it or even by making some plans or preparation for
4   the commission of a crime.
5           In order to find either defendant guilty of
6   committing the crime of attempted possession of cocaine
7   with intent to distribute it, the government must prove
8   beyond a reasonable doubt that the mental processes of
9   either defendant passed from the stage of thinking about
10  the crime of possession and distribution of cocaine and
11  that the physical process of either defendant went
12  beyond or passing the stage of mere preparation to some
13  firm, clear and undeniable action to accomplish that
14  intent.
15          Now, the various counts of the indictment
16  allege that a particular quantity or amount of cocaine
17  or crack cocaine was involved.  The evidence in this
18  case need not establish that the amount or quantity of
19  cocaine or crack cocaine was as alleged in the
20  indictment but only that a measurable amount of cocaine
21  or crack cocaine was in fact the subject of the acts
22  charged in the indictment.
23          Now, during the course of the trial, as you
24  know from the instruction that I gave you at that time,
25  you heard evidence that at a time other than the time