IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 93-00008-CB |
| ELWYN CHISHOLM, | ) | |
| | ) | |
| **Defendant** | ) | |

### ORDER

This matter is before the Court on a motion filed by defendant Elwyn Chisholm entitled "Rule 60 Motion to Reopen Rule 2255 Motion." (Doc. 227.) Petitioner previously filed a § 2255 motion (Doc. 130). After denial of that motion became final, Chisholm filed a Rule 60(b) motion (Doc. 176), which was also denied. In his most recent motion, Chisholm seeks to overturn his sentence based on the Supreme Court's recent decision in *United States v. Alleyne*, __ U.S. __, 133 S. Ct. 2151 (2013). Chisholm's motion is due to be denied as a second or successive petition.

When a habeas petitioner files a Fed. R. Civ. P. 60(b) motion attacking the court's prior resolution of a claim on the merits or adding a new claim for relief, it is essentially the same as a habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Id.* at 531-32. Such motions are considered second or successive petitions and are subject to the preauthorization requirements of 28 U.S.C. § 2244(b)(3). *Id.* In contrast, a Rule 60(b) motion alleging "[a] defect in the integrity of the federal habeas proceeding" is not a second or successive petition. *Id.* at 532. Chisholm implies, at least, that his motion is not a second or successive petition because it

1

does not attack the prior resolution of a claim.  According to Chisholm, his prior motion raised a claim under *Apprendi v New Jersey,* 530 U.S. 466 (2000), which is substantively similar to his claim under *Alleyne.*  Chisholm argues that this Court did not resolve his *Apprendi* claim "on the merits" because it found that *Apprendi* did not apply retroactively.  That determination is a resolution on the merits, however, because it was a determination that no grounds existed that would entitle the petitioner to relief.  *See id.* at 532 n. 4.  ("on the merits" means "a determination that there do or do not exist grounds entitling a petition to habeas corpus relief").  Because the motion raises a claim for relief, it is a second or successive petition and cannot be considered by this Court without authorization from the United States Court of Appeals for the Eleventh Circuit.[1]  *See* 28 U.S.C. § 2244(b)(3) (second or successive petitions must be authorized by appellate court).  The motion is therefore **DENIED**.

A certificate of appealability is required for appeal of an order denying relief under Rule 60(b) from a judgment in a § 2255 proceeding. *Jackson v. Cosby,* 437 F.3d 1290, 1294 (11th Cir. 2006).[2]  When a court denies a motion "on procedural grounds without reaching the merits of any constitutional claims„ . . . a petitioner will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a

---

[1] Citing *Ritter v.* Smith, 811 F.2d 1398 (11th Cir. 1987), Chisholm argues that an intervening change in the law entitles him to Rule 60(b) relief.  However, *Ritter* was decided prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which included the limitations on second or successive petitioner found in 28 U.S.C. § 2244.

[2] Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order.

substantial showing that the procedural ruling is wrong," *Id.* (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484,(2000) ).  A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason.  *Id.*  In this case, there is no need to consider the constitutional issue because no jurist of reason could find that this Rule 60(b) motion was *not* a second or successive petition filed without the authorization.  Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 16th day of September, 2013.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**